## 59998. KORNBLUTH v. SCHOENBAUM et al.

BANKE, Judge.

Appellant brought this action to enjoin a foreclosure of realty under a security deed given to secure two $30,000 loans to her husband, one by each of the two appellees. Appellant sought also to recover $10,000 allegedly paid on the loans, contending that the loans are void under Code Ann. § 57-203 (a). That code section provides, in pertinent part, as follows: "If any loan secured by a secondary security deed on real estate is made in violation of the provisions of

this chapter: (i) by the contracting for, charging, receiving or collecting any charge in excess of those expressly allowed by this Act, except as a result of a bona fide error, the lender shall forfeit the entire principal amount of the loan plus interest and other charges. In addition thereto, the lender shall also refund any payments on the loan which have been made by the borrower. . . "

The matter of injunctive relief was rendered moot when the defendant's security interest in plaintiff's house was extinguished by the foreclosure of a superior security interest. This appeal is from the grant of summary judgment to each of the appellees on the remaining claim.

The uncontested facts show that each appellee was induced by a third party on behalf of appellant's husband to lend him $30,000 for 11 days to enable him to close a purported real estate venture in New York which was to net him $100,000. He agreed to pay $6,000 interest on each loan, to execute a $36,000 promissory note as evidence of each loan, and to secure the indebtedness with a security deed to the house in which he and appellant resided. The New York venture was never consummated, if indeed there was one, and criminal charges were brought against the husband. Although appellant stated in her deposition that her husband told her that he had paid the $10,000 to appellees, she does not contend that she herself ever paid them any money. *Held:*

Assuming arguendo that the notes were void under Code Ann. § 57-203 (a), the invocation of the forfeiture provisions of the statute are nevertheless inapplicable, as appellant does not claim to have repaid any amount of the principal or interest. The grant of summary judgment to the appellees is accordingly affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1980 — DECIDED JUNE 26, 1980.

*Robert A. Elsner,* for appellant.
*Timothy J. Sweeney, Jack N. Sibley,* for appellees.